# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JERRY ELKINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 645 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Jerry Elkins seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Elkins was convicted by a jury of racketeering conspiracy and one count of violent crime in aid of racketeering – conspiracy to commit murder. Case No. 4:11CR246 CDP. He was acquitted of one count of violent crime in aid of racketeering – conspiracy to commit murder. Elkins was sentenced to 210 months imprisonment on each count, with all terms to run concurrently. Elkins appealed, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Henley*, 766 F.3d 893, 908 (8th Cir. 2014). Elkins petitioned the United States Supreme Court for certiorari, which was denied on May 4, 2015.

Elkins then filed this § 2255 motion *pro se*, raising the following claims of ineffective assistance of counsel:

1) Counsel failed to challenge his convictions for multiplicity at sentencing;

2) Counsel failed to object to his being shackled during trial;

3) Counsel failed to object to the admission of evidence;

4) Counsel failed to call a defense witness; and

5) Counsel failed to raise the issue of the sealing of the wiretaps.

Although not alleged as separate grounds for relief, Elkins also complains that counsel told him not to testify, was ineffective due to health issues, and had an unidentified "conflict of interest." Elkins's ineffective assistance of counsel claims fail because he was represented by an experienced trial attorney who presented a vigorous defense, and the claims of ineffective assistance of counsel are conclusively refuted by the trial record. The evidence against him was very strong, as set forth in great detail in the appellate opinion affirming his conviction and sentence. I will deny Elkins's motion without an evidentiary hearing for the reasons that follow.

## Discussion

### A. No Evidentiary Hearing is Required

The records before me conclusively demonstrate that Elkins has no right to relief. I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks

omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The record here conclusively refutes the claims, so I will not hold an evidentiary hearing.

### B. Elkins Did Not Receive Ineffective Assistance of Counsel

Elkins brings claims of ineffective assistance of trial counsel. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Elkins must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Elkins "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if

the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Under these standards, Elkins did not receive ineffective assistance from his attorney.

In his first ground for relief, Elkins alleges that his attorney was constitutionally ineffective because he did not argue that the government could not prosecute him for both racketeering conspiracy and violent crime in aid of racketeering – conspiracy to commit murder at sentencing. This claim is summarily rejected as Elkins's attorney made this argument in pretrial proceedings. [Doc. # 360 in Case No. 4:11 CR 246]. It was properly rejected as meritless at that time [Docs. #1101, # 1007 in Case No. 4:11 CR 246], and it would have been rejected as meritless again had it been re-raised at sentencing. *See United States v. Kragness*, 830 F.2d 842, 864 (8th Cir. 1987). Counsel cannot be ineffective for failing to re-raise or win a meritless argument, so Elkins's claim fails as a matter of law. Ground 1 of Elkins's § 2255 motion is denied.

In Ground 2, Elkins alleges that his attorney was ineffective for failing to object to his being shackled during trial. This claim is summarily rejected as the record conclusively demonstrates that counsel did object to his client being shackled during trial. Counsel's argument was rejected on the record as follows:

> [t]he other issue is the concern of [counsel] that Mr. Elkins's shackles could be seen by the jury, and what we're going to do is we're not going to all rise, so we're not going to stand up for me or for the jury. You will not be asked to stand up, and that way if any defendant is concerned, he can make sure his

> legs are under the table. It's really just in the rising that you would see it. That way if there was any concern about noise from the shackles, which I don't think there is because they have been made not to be noisy, but that would also alleviate that . . . . We're not going to stand up for anybody.

[Case No. 4:11 CR 246 Tr. Trial, Vol. I, pp. 3-4]. This procedure was followed throughout the entirety of the trial. Elkins's suggestion that the jury saw or heard his shackles is conclusively refuted by the record. The tables in the courtroom were fitted with skirts concealing any view of Elkins' legs from the jury, and the shackles were modified to eliminate any noise. These numerous safeguards eliminated the danger of shackles suggesting to the jury that Elkins was guilty, and Elkins offers nothing but his self-serving, unsupported speculation that any member of the jury was ever aware that he was shackled during the trial. *See United States v. Honken*, 541 F.3d 1146, 1162-63 (8th Cir. 2008) (no denial of fair trial where defendant was shackled but never moved in the presence of the jury, table skirts concealed jury's view, and shackles were modified to eliminate noise). As Elkins cannot demonstrate either deficient performance or resulting prejudice, Ground 2 of his § 2255 motion is denied.

In Ground 3, Elkins argues that counsel was ineffective for failing to object to the admission at trial of a firearm seized from his vehicle during a traffic stop. This claim is summarily rejected as counsel twice moved to exclude this evidence, in a motion to suppress evidence [Doc. # 356 in Case No. 4:11 CR 246] and a subsequent motion in limine. [Doc. # 1036 in Case No. 4:11 CR 246]. The motion

to suppress was properly denied because Elkins voluntarily consented to the search of his vehicle. [Docs. #1101, #1007, in Case No. 4:11 CR 246]. The motion in limine was denied by the Court as the evidence was properly admissible as evidence intrinsic to the conspiracy. [Doc. # 1087 in Case No. 4:11 CR 246]. *See United States v. O'Dell*, 204 F.3d 829, 833 (8th Cir. 2000). As counsel cannot be ineffective for failing to win a meritless argument, Ground 3 of Elkins's § 2255 motion is denied.

Elkins next argues that counsel was ineffective for failing to call "Turbo" (Stephon Grigsby) as a defense witness. According to Elkins, Turbo would have impeached government witness Cook. However, Elkins admits that he "didn't know the exact details" of Turbo's testimony, speculating only that it related to Cook's wife "having affairs with club members on numerous occasions, and [Elkins] not wanting to intervene between the parties on his behalf." (Elkins Aff. at 3). Elkins offers no affidavit from Turbo regarding his willingness to testify on Elkins's behalf or the substance of his testimony.

"Decisions relating to witness selection are normally left to counsel's judgment, and this judgment will not be second-guessed by hindsight." *Hanes v. Dormire*, 240 F.3d 694, 698 (8th Cir. 2001) (internal citations and quotation marks omitted). "Trial counsel has a duty to conduct a reasonable investigation or to make a reasonable determination that an investigation is unnecessary. When a

claim for ineffective assistance of counsel is alleged on the basis of failing to investigate or act, the reasonableness of the nonfeasance must be assessed in light of all circumstances, and a significant degree of deference given to counsel and his or her professional judgment." *Griffin v. Delo*, 33 F.3d 895, 901 (8th Cir. 1994).

Elkins's claim fails because he cannot demonstrate that he was prejudiced by counsel's failure to investigate or call Turbo as a witness. Elkins has not provided any independent evidence as to what Turbo would have allegedly said had he been interviewed or called to testify. *See United States v. Vazquez-Garcia*, 211 Fed. Appx. 544, 546 (8th Cir. 2007). He provided no affidavit from Turbo or any other information supporting his claims. The only information about what Turbo's potential testimony would have been is pure speculation on the part of Elkins, which is not enough to undermine confidence in the outcome of the trial as required by *Strickland*. *See id.* "Recognizing the deferential standard when reviewing the conduct of counsel, [I] decline to find prejudice in this situation when there is no evidence other than speculation to support the finding." *Id.* Ground 4 of Elkins's § 2255 motion is denied.

In Ground 5 of his § 2255 motion, Elkins argues that counsel was ineffective for failing to challenge the government's obligation under 18 U.S.C. § 2518(8)(a) to seal surveillance tapes immediately upon each the expiration of each of three

wiretap orders in this case. This argument was raised on appeal and rejected by the Eighth Circuit Court of Appeals in this case as follows:

> A remaining issue is whether the recordings were improperly sealed. Under 18 U.S.C. § 2518(8)(a), recordings obtained through a Title III wiretap must be sealed "[i]mmediately upon the expiration of the period of the order." The defendants argue that the recordings here were not sealed until six days after the expiration of the <u>last of three</u> different orders. They also argue that in violation of Title III, the recordings made under the first wiretap order were not sealed until 60 days after the expiration of that order. This argument is contradicted by the language of the statute, which reads in full that "[i]mmediately upon the expiration of the period of the order, <u>or extensions thereof</u>, such recordings shall be made available to the judge issuing such order and sealed under his directions." § 2518(8)(a) (emphasis added). The wiretap expired at 11:59 p.m. on a Friday, and Officer Van Mierlo contacted the court that Monday for an appointment to seal the recordings. The busy presiding judge then was able to find time on Thursday to seal the recordings. We conclude on these facts that the delay caused by the judge's schedule was excusable. See <u>United States v. Pedroni</u>, 958 F.2d 262, 266 (9th Cir. 1992). The district court thus did not err in admitting the recorded evidence.

*Henley*, 766 F.3d at 913. Counsel cannot be ineffective for failing to win a meritless argument, so Elkins's claim fails as a matter of law.

Although not specifically listed as a ground for relief, in his affidavit Elkins claims that counsel prevented from testifying on his behalf. This claim is conclusively refuted by the record. A criminal defendant has a constitutional right to testify in his own defense, *see Rock v. Arkansas*, 483 U.S. 44, 49 (1987), and only the defendant is empowered to knowingly and voluntarily waive that right. *United States v. Bernloehr*, 833 F.2d 749, 751 (8th Cir. 1987). Advice from counsel not to testify is not ineffective assistance if it might be considered sound

8

trial strategy. *See King v. Roper*, No. 4:04 CV 1672 CDP, 2005 WL 1518291, at *8 (E.D. Mo. June 24, 2005) (internal citations and quotation marks omitted).

Here, Elkins claims that counsel met with him at the jail in November after Cooks testified and advised him not to testify. Elkins then states that later in the conversation counsel "got emotional and said you're not taking the stand." [Doc. #1-2 at 3]. Cook testified on November 2, 2012. I clearly and unequivocally addressed the right to testify with all defendants, and specifically with Elkins, well after Cooks testified. Specifically, on November 14, 2012, I addressed all defendants, including Elkins, as follows:

> Now, I want to – so before we recess, I do want to say this. This is for the defendants. Let me get the attention of all the actual defendants, and I'll ask defense counsel who are standing in between me and them to get out of the way. Sit down or move over so I can see everybody. I'll wait until Mr. Henley is ready to direct his attention here.
>
> So, for all of the defendants, you know that you have a constitutional right to testify in this case, or to not testify in this case. You have good lawyers who frankly have done a good job, but I would say this whether I thought that or not in terms of what I'm about to say. You can talk to them, you should be talking to them about your decision whether to testify, but they cannot make that decision for you. The decision whether you're going to testify or not testify is totally up to you. You are advised to consult with your lawyers, and talk to them about it, but you're the one who gets to decide that.
>
> So, if there is anybody in this case who wants to testify, none of the lawyers have indicated that defendants are going to testify, but that's not final, you can do it tomorrow, or before the case rests, but I'm going to call on you in the order we've been going, and if we finish this case, and if somebody changes their mind and they want to testify, you've got to stand up and say, "Judge, I want to testify," or raise your hand and I will call a recess and find out what's going on.

9

> So if there is anybody here who wants to testify, you have the right to do so, and it is your individual decision whether you choose to do so. All you should talk to your lawyers and consult with them before you make that decision. I don't want to find out later that somebody says I was going to testify, I wanted to, but my lawyer wouldn't let me, because that's not the law. Your lawyer can't refuse to let you testify. You have a right to testify, and you just tell me and you'll be allowed to, okay? I just want to be sure everybody here understands that. Okay? With that said, court is in recess.

(Tr. Trial, Vol. XIX, pp. 261-262) [Doc. #1593 in Case No. 4:11 CR 246]. The next day, after the government rested its case in chief, I again addressed all defendants directly regarding their right to testify. Once again I explained that it was their decision whether or not to testify: "You can testify if you want to. You do not have to testify, but this is one decision that is entirely yours to make, and your lawyer can give you advice, but your lawyer cannot make this decision for you." (Tr. Trial, Vol. XX, p. 91) [Doc. # 1602 in in Case No. 4:11 CR 246]. I warned all defendants that "once you tell me that it's your decision and you don't want to testify, I would not expect anybody to be able to come back later and claim otherwise because that's why I'm asking you this question." (*Id.*). I then held the following exchange with Elkins:

> THE COURT: All right, Mr. Elkins, have you discussed with your lawyer whether you wish to testify in this case?
>
> DEFENDANT ELKINS: Yes, ma'am, I have.
>
> THE COURT: Do you wish to testify?
>
> DEFENDANT ELKINS: No, ma'am, I do not.

10

(*Id.* at 92-93). The record conclusively demonstrates that Elkins knowingly waived his right to testify on his own behalf after being fully advised by the Court of that right, and he cannot contradict his statements made to me on the record by claiming now that his lawyer somehow prevented him from testifying. He did not. Elkins was fully advised of his right to testify and chose not to, even as some of his co-defendants elected to take the stand in their own defense. Elkins cannot blame his attorney for a choice he knowingly made. *See United States v. Orr*, 636 F.3d 944, 955 (8th Cir. 2011) (rejecting claim that counsel was ineffective for discouraging defendant from testifying where the Court engaged defendant in elaborate discussion regarding his right to testify, and defendant knowingly waived that right). As Elkins has failed to show any resulting prejudice from counsel's allegedly deficient performance, this claim fails.

Elkins's remaining allegations of attorney error are summarily rejected. Elkins offers no explanation of counsel's alleged "conflict of interest," and his speculative argument that counsel's health prevented him from rendering effective assistance is conclusively refuted by the trial record. Elkins was represented by one of the most seasoned, well-respected trial lawyers of this Court's defense bar. Counsel zealously and ably defended Elkins, securing an acquittal for Elkins on one count. Any ineffective assistance of counsel claim based on these allegations is denied.

### C. Leave to Amend is Denied

Finally, Elkins seeks leave to amend his § 2255 motion to raise a *Johnson* claim. Leave to amend will be denied as futile, because Elkins was not sentenced under the Armed Career Criminal Act or classified as a "career offender*.*" *See Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (finding the residual clause of the Armed Career Criminal Act unconstitutionally vague). Therefore, *Johnson* does not apply. I will deny Elkins recently filed motion for additional time to respond because further briefing would not change the result.

### D. I Will Not Issue a Certificate of Appealability

As Elkins has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Jerry Elkins's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that Elkins's motion to amend [12] and his motion for additional time to respond [18] are denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Elkins has not made a substantial showing of the denial of a federal constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2018.