UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-cr-246-SEP-12 |
| | ) | |
| JERRY ELKINS, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JERRY ELKINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-cr-645-SEP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| JERRY ELKINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:20-cr-1653-SEP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

These three closed cases are before the Court on self-represented movant Jerry Elkins's "Motion Requesting To Submit This Memo of Record to Correct the Fallacious Order Drafted by the Honorable Senior District Judge Catherine D. Perry," which the Court construes as a motion to reconsider and correct the Court's Order dated December 3, 2020 ("Recusal Order"). For the following reasons, the Court will grant Mr. Elkins's Motion to the extent it seeks to correct clerical errors in the Recusal Order. The Court will deny the Motion in all other respects,

specifically to the extent Mr. Elkins seeks to alter, correct, or reconsider the Court's Judgment in his criminal case or the Orders of Dismissal in his two habeas corpus proceedings.

## BACKGROUND

On December 7, 2012, after a seven-week jury trial, Mr. Elkins was convicted of one count of racketeering conspiracy and one count of conspiracy to commit murder in aid of racketeering activity. *United States v. Elkins*, No. 4:11-cr-246-SEP-12 (E.D. Mo.) ("Criminal Case"), Doc. [1233]. The Court sentenced Mr. Elkins to 210 months' imprisonment on Count I and 120 months' imprisonment on Count XIII, with all terms to run concurrently. *See* Criminal Case, Doc. [1491] at 2. On September 10, 2014, the Eighth Circuit Court of Appeals affirmed the judgment of this Court. *United States v. Henley*, 766 F.3d 893 (8th Cir. 2014) (affirming the judgment of various defendants including Elkins). Mr. Elkins petitioned the United States Supreme Court for certiorari, which the Supreme Court denied on May 4, 2015. *Henley v. United States*, 575 U.S. 1003 (2015).

On May 6, 2016, Mr. Elkins filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, *Elkins v. United States*, No. 4:16-CV-645-SEP (E.D. Mo.), which the Honorable Catherine D. Perry denied on April 9, 2018. Mr. Elkins appealed the denial of that § 2255 motion, and the Eighth Circuit affirmed the denial. *Elkins v. United States*, No. 18-2122, 2018 WL 6165232 (8th Cir. Sept. 18, 2018). Mr. Elkins then sought to file a successive habeas petition. The Eighth Circuit denied Mr. Elkins's application to file a successive habeas petition in a judgment dated March 12, 2019, and a supplemental judgment dated May 14, 2020.

On November 23, 2020, despite the Eighth Circuit's denial of Mr. Elkins's application to file a second habeas petition, Mr. Elkins filed a second habeas petition under § 2255. *Elkins v. United States*, 4:20-CV-1653-SEP (E.D. Mo.). On December 21, 2020, the Court denied Mr. Elkins's § 2255 motion as second and successive.

In his second habeas petition, in addition to seeking his release from prison, Mr. Elkins sought Judge Perry's recusal from his cases. In an order dated December 3, 2020, Judge Perry granted Mr. Elkins's motion and recused herself from all cases involving Mr. Elkins. As a result, three cases—*United States v. Elkins*, 4:11-cr-246-SEP-12 ("Criminal Case"), *Elkins v. United States*, 4:16-cr-645-SEP ("First Habeas Case"), and *Elkins v. United States*, 4:20-cr-1653 ("Second Habeas Case")—were randomly reassigned to the undersigned. On December 8,

2021, in all three cases, Plaintiff filed the instant motion titled "Motion Requesting to Submit This Memo of Record to Correct the Fallacious Order Drafted by The Honorable Senior District Judge Catherine D. Perry."

## DISCUSSION

In the Motion, Mr. Elkins seeks to correct the following sentence in the Recusal Order: "He was acquitted of another count of violent crime in aid of racketeering—conspiracy to commit murder." Recusal Order at 2. Mr. Elkins contends that the sentence is false because he was indicted and convicted of only one charge of conspiracy to commit murder, Count XIII; he was not acquitted of any count of conspiracy to commit murder.

Mr. Elkins is correct. In the superseding indictment, the Grand Jury charged Mr. Elkins with only two counts: Count I (Racketeering Conspiracy) and Count XIII (Conspiracy to Commit Murder in Aid of Racketeering Activity). *See* Criminal Case, Doc. [745]. Count XIII involved a plot to kill a member of the Outkast motorcycle gang in East St. Louis, Illinois. Mr. Elkins was not indicted for conspiracy to commit murder involving any plot to kill any person in Denver, Colorado. More specifically, he was not charged in Count IX (i.e., the "Hell's Lovers shooting").[1] Because Mr. Elkins was convicted of both counts for which he was indicted, the Recusal Order incorrectly stated, "He was acquitted of another count of violent crime in aid of racketeering—conspiracy to commit murder."

Mr. Elkins expresses confusion as to whether he was convicted of the conspiracy to commit murder in East St. Louis, Illinois (Count XIII) or the uncharged conspiracy to commit murder in Denver, Colorado (i.e., the "Corndog" murder). Mr. Elkins's confusion likely arises from the United States Sentencing Guidelines (U.S.S.G.) for Racketeering Conspiracy § 2E1.1, which allow the sentencing court to consider uncharged conduct in sentencing for Racketeering Conspiracy. In Mr. Elkins's case, the Court did consider the uncharged "Corndog" murder conspiracy in its sentencing calculation. Under U.S.S.G. § 2E1.1, the base offense level for Racketeering Conspiracy is either a 19 or "the offense level applicable to the underlying racketeering activity." U.S.S.G. § 2E1.1(a)(2). For sentencing purposes, Mr. Elkins's conduct

---

[1] Mr. Elkins's co-defendant Marshall Fry was charged in Count IX with Attempt to Commit Murder in Aid of Racketeering Activity arising out of an incident on August 2, 2010, in the District of Colorado, which is referred to in the criminal case as the "Hell's Lovers shooting."

3

in the uncharged "Corndog" murder conspiracy was relevant. Thus, although Mr. Elkins was not indicted for any crime arising out of any conspiracy to commit murder in Denver, Colorado—neither the "Hell's Lovers" shooting on August 2, 2010, nor the "Corndog" murder conspiracy—the sentencing court had to determine whether that uncharged conduct could be treated as an underlying offense for purposes of sentencing Mr. Elkins under the United States Sentencing Guidelines.

Judge Perry explained Mr. Elkins's sentence calculation in her Findings of Fact, Conclusions of Law, and Sentencing Opinion as follows:

> Paragraph 40 [of the Presentence Report] is accurate. Elkins objects that he was not charged with a crime arising out of this incident, and that the co-defendant who was charged, Marshall Fry, was acquitted. Uncharged or acquitted conduct may be used at sentencing. On August 2, 2010, Jerry Elkins and several other [Wheels of Soul] members (some of whom were from the California chapter) drove to the Hell's Lovers clubhouse in Denver and were making noise; Marshall Fry, a member of the Denver chapter, fired a gun in the direction of the clubhouse. Although Jerry Elkins, as President of the Denver chapter, approved the drive by of the rival clubhouse, he did not direct or order Fry to shoot at the clubhouse, and in fact, the evidence showed that he and several others had left the scene and were approximately a block away when the shots were fired. This incident is proper for me to consider when considering the overall acts of the conspiracy, but I have not used it in calculating the sentencing guidelines.
>
> . . .
>
> Group 2, in Paragraphs 73 through 78 [of the Presentence Report] is based on Conspiracy to Commit murder in aid of racketeering activity, and defendant argues that there was no evidence at trial that would support a second racketeering act. The government argued that this calculation (and the RICO conspiracy conviction itself) can be based on Elkins' involvement in the Hell's Lovers shooting in Denver on August 2, 2010, but as set out in my findings with regard to paragraph 40, I do not believe that Elkins can be held responsible for a conspiracy or attempted murder for that event. I do believe he can be held responsible for the "Corndog" murder conspiracy described in paragraph 48, however, and so I conclude that Paragraphs 73 through 78 are properly based on that conduct, and that the base offense level of 33 in Paragraph 73 is correct.

4

Criminal Case, Doc. [1493] at 3, 5-6.  Thus, although Mr. Elkins was never indicted for any crime arising out of the "Corndog" murder conspiracy and so could not have been acquitted of any such crime, Judge Perry did consider that conspiracy in calculating Mr. Elkins's sentence under the United States Sentencing Guidelines.[2]

Additionally, Mr. Elkins seeks to correct the following sentence in the Recusal Order: "Elkins was sentenced to 210 months imprisonment on each count, with all terms to run concurrently."  Recusal Order at 2.  Mr. Elkins contends that the statement is inaccurate because he was sentenced to 210 months' imprisonment on Count I and 120 months' imprisonment on Count XIII, with all terms to run concurrently.  According to the transcript of the sentencing hearing and the Judgment in the criminal case, Mr. Elkins is again correct.  *See* Criminal Case, Docs. [1491] at 2, [1757] at 38.  The Court will thus grant Mr. Elkins's Motion to the extent it seeks to correct that clerical error.

Mr. Elkins also questions the Recusal Order's accuracy with respect to certain filings in his criminal case.  The Recusal Order states correctly that Mr. Elkins has filed two separate motions for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1).  *See* Criminal Case, Docs. [1800], [1818].  On July 24, 2020, the Court ordered the Office of the Federal Public Defender for the Southern District of Illinois to represent Mr. Elkins and determine whether he is entitled to petition the Court for compassionate release in accordance with the First Step Act, 18 U.S.C. § 3582(c) and (d).  An Assistant Federal Public Defender has entered an appearance on behalf of Mr. Elkins, and the Court is still awaiting Mr. Skaggs's response.  *See id.* at Doc. [1814]; *see also* Docs. [1815], [1819], [1821], [1827], [1846] (requesting extensions of the deadline for responding to the Court regarding Mr. Elkins's compassionate release motions); Doc. [1848] (denying Mr. Elkins's motion to dismiss his compassionate release motions because it was based on the mistaken premise that no one had been assigned to represent him).

---

[2] The guidelines range for Mr. Elkins was 324-360 months' imprisonment.  Judge Perry varied downward from the guidelines range based on her consideration of all the factors under 18 U.S.C. § 3553(a) and sentenced Mr. Elkins to an aggregate term of 210 months' imprisonment.

5

The remainder of Mr. Elkins's Motion contains unsupported and offensive characterizations of the Court and accusations against the federal bench.  Such accusations do not merit a response.  The Court requests that Mr. Elkins maintain civility and decorum in future filings.  Inflammatory rhetoric does not help the Court resolve the issues presented and only detracts from the persuasiveness of the underlying arguments.

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Elkins's "Motion Requesting To Submit This Memo of Record to Correct the Fallacious Order Drafted by the Honorable Senior District Judge Catherine D. Perry," which the Court construes as a motion to reconsider the Court's Memorandum and Order dated December 3, 2020, is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** to the extent it seeks to correct the clerical errors described herein; it is **DENIED** in all other respects.  The Motion is specifically denied to the extent Mr. Elkins asks the Court to alter, correct, or reconsider its Judgment in his criminal case or the Orders of Dismissal in his two habeas corpus proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court shall make a parenthetical notation after the text of the docket entry for the Court's Memorandum and Order dated December 3, 2020, stating:  "(clerical errors corrected by Order dated April 15, 2021)."

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. 28 U.S.C. § 2253.

**IT IS FINALLY ORDERED** that the Clerk of Court shall send Mr. Elkins current copies of the docket sheets in the three above-captioned cases and all documents that have been filed by the Assistant Federal Public Defender in reference to his compassionate release motions.

Dated this 16th day of April, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE